# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08CV178-MU

| | |
|---|---|
| TERESA ALEXANDER, )<br>        Plaintiff, )<br>)<br>    vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social )<br>Security Administration, )<br>        Defendant. )<br>) | **MEMORANDUM AND RECOMMENDATION<br>OF REMAND** |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Summary Judgment [including brief]" (document #14) filed October 4, 2008; and the Defendant's "Motion For Summary Judgment" (document #15) and "Memorandum in Support of the Commissioner's Decision" (document #16), both filed October 30, 2008. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that the Defendant's decision to deny Plaintiff Social Security disability benefits is <u>not</u> supported by substantial evidence. Accordingly, the undersigned will respectfully recommend that Plaintiff's Motion for Summary Judgment be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>, and that this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and Recommendation.

## I. PROCEDURAL HISTORY

On June 15, 2004, the Plaintiff filed an application for Social Security Disability benefits

("DIB") and Supplemental Security Income ("SSI"), alleging she was unable to work as of June 1, 2006 as the result of severe pain in her neck, back, arms and hands. (Tr. 69). The Plaintiff's claim was denied initially and on reconsideration.

The Plaintiff requested a hearing, which was held on February 7, 2007. On March 27, 2007, the ALJ issued a decision denying the Plaintiff's claim. Specifically, although the ALJ found that the Plaintiff had a residual functional capacity to perform only sedentary work, he found her not disabled because he also concluded that she nevertheless was able to perform her past relevant work as a talent agent, which as described by the Commissioner's Vocational Expert, was performed at the light exertional level.

The Plaintiff filed a timely Request for Review of Hearing Decision. On March 4, 2008, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

The Plaintiff filed this action on April 21, 2008, and the parties' cross-motions for summary judgment are now ripe for the Court's consideration.

## II. FACTUAL BACKGROUND

Relevant to the narrow issue raised on appeal, at the hearing, the Plaintiff testified that her past work as a talent agent consisted of convincing casting directors for advertisements and movies to hire her clients to appear in their projects. The Plaintiff further testified that while that job did not require stationary standing, it did require extensive sitting; that the job also required her to operate a computer, use the telephone, and prepare packages of photographs of her clients; and that her job entailed "a lot" of social interaction, as well as walking related to making deliveries of the photographs of her clients.

The ALJ called a Vocational Expert ("VE"), who was present during the hearing, including the Plaintiff's testimony.

In response to the ALJ's request that he "identify the [Plaintiff's] work activity since 15 years prior to the alleged onset date" the VE responded:

> In no particular order, she ran her own business [talent agent] which the DOT would classify as light and skilled. She also worked for a sign company – well, for two companies doing a couple of different things. One was delivery and the DOT would classify that as medium and semiskilled. The other was as an outside sales person which the DOT would classify as light and skilled.

(Tr. 601)

The ALJ then presented the VE with the following hypothetical:

> I want you to assume ... that we had a hypothetical person who is able to engage in sedentary work activity which is defined as entailing lifting 10 pounds maximum and occasionally lifting or carrying such articles as dockets, ledgers and small tools. Would such a person be capable of performing any of the [Plaintiff's] past relevant work as typically performed in the economy <u>or as the [Plaintiff] performed it</u>?

(Tr. 602) (emphasis added). In response, the VE simply stated "[n]o, sir," and was asked no further questions on this topic. Id.

Considering this evidence, and other evidence which is not relevant to the subject appeal, the ALJ found that the Plaintiff was not disabled for Social Security purposes. It is from this determination that the Plaintiff appeals.

### III. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, <u>Richardson v. Perales</u>, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th

Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the evidence, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

# IV. <u>DISCUSSION OF CLAIM</u>

The question before the ALJ was whether at any time the Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[1] The ALJ considered the evidence in the record and found after the hearing that the Plaintiff had not engaged in substantial gainful activity at any time relevant to the decision; that the Plaintiff suffered degenerative disc disease of the lumbar spine with stenosis post surgery, degenerative disc disease of the cervical spine with small herniation, synovitis in both thumbs, right cubital syndrome, status post ulnar release, bilateral carpal tunnel syndrome status post surgery, and left brachial plexopathy, which were severe impairments within the meaning of the Regulations; but that the Plaintiff's impairment or combination of impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4 (a.k.a. "the Listings"); that the Plaintiff had the residual functional capacity ("RFC") for work at the sedentary[2] exertional level; that the Plaintiff was able to perform her past relevant work as a talent agent in the same manner that she had performed it in the past; and that accordingly she was not disabled.

The Plaintiff appeals the ALJ's determination that although she was limited to an RFC for sedentary work, she was nevertheless able to perform her past relevant work as a talent agent, which as the VE testified required an RFC for light work as that job was performed in the national economy

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

[2] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools; standing and walking no more than two hours in an eight hour work day; and sitting at least six hours in an eight hour work day. *See* 20 C.F.R. §§ 404.1567(a), 416.967(a); *Social Security Rulings* 83-10 & 96-9p.

and as the Plaintiff had performed that job in the past. See Plaintiff's "Motion for Summary Judgment [including brief]" (document #14).

A claimant is able to perform her past relevant work if she can perform that work as it is generally performed in the national economy. See Social Security Ruling 82-62. A claimant is also able to perform her past relevant work if she continues to be able to perform that work in the same manner as she had previously performed it. Id. When determining whether a claimant can perform her past relevant work as she performed it previously, "the [Plaintiff] is the primary source for vocational documentation...." Id.

In his brief, the Commissioner relies primarily on Social Security Ruling 00-4p, which provides that the ALJ has no obligation to ask the VE about any apparent conflicts between the VE's testimony and the work requirements of particular jobs as stated in the Dictionary of Occupational Titles ("DOT"). This argument misses the point. Indeed, there was no conflict between the VE's testimony and the work requirements of the talent agent job as stated in the DOT. The VE clearly testified that the DOT defined the talent agent job as light work, which the ALJ agreed the Plaintiff was unable to perform. The conflict, rather, was between the VE's opinion, given after the Plaintiff's testimony, that the talent agent job as she had performed it in the past was a light job that the Plaintiff could no longer perform, and the ALJ's contrary conclusion that the Plaintiff had performed the talent agent job at the sedentary level.

In short, in light of the VE's testimony, the ALJ's generalized statement that the Plaintiff had previously performed her talent agent job at the sedentary level is insufficient. Having failed to more fully explore the VE's opinion and any other relevant evidence on this point, the ALJ's decision that the Plaintiff could perform her past relevant work as a talent agent was not supported by substantial

evidence. At the next hearing, among any other issues that require further development, the ALJ should elicit sufficient testimony from the VE to resolve the conflict between the Commissioner's expert's opinion and the ALJ's contrary conclusion concerning the Plaintiff's ability to perform her past work.

## V. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #14) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #16) be **DENIED**; that the Commissioner's decision be **REVERSED**; and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[3]

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also

---

[3]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation of Remand to counsel for the parties; and to the Honorable Graham C. Mullen.

**SO RECOMMENDED AND ORDERED.**

Signed: October 31, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge